| | |
|---|---|
| 1 | Craig S. Summers (SBN 108688) |
| | craig.summers@kmob.com |
| 2 | Matthew S. Bellinger (SBN 222228) |
| | matthew.bellinger@kmob.com |
| 3 | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| | 2040 Main Street |
| 4 | Fourteenth Floor |
| | Irvine, CA  92614 |
| 5 | Telephone: (949) 760-0404 |
| | Facsimile: (949) 760-9502 |
| 6 | |
| | Brian W. Brokate (*Pro Hac Vice*) |
| 7 | bwbrokate@gibney.com |
| | Beth M. Frenchman (*Pro Hac Vice*) |
| 8 | bfrenchman@gibney.com |
| | Christina L. Winsor (*Pro Hac Vice*) |
| 9 | cwinsor@gibney.com |
| | GIBNEY ANTHONY & FLAHERTY, LLP |
| 10 | 665 Fifth Avenue |
| | New York, New York 10022 |
| 11 | Telephone:   (212) 688-5151 |
| | Facsimile:    (212) 688-8315 |
| 12 | |
| | Attorneys for Plaintiff |
| 13 | ROLEX WATCH U.S.A., INC. |

**NOTE: CHANGES MADE BY THE COURT**

14 (continued on next page)

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLEX WATCH U.S.A., INC., | Case No. CV12-6400 MMM (MRWx) |
| Plaintiff, | |
| v. | **STIPULATED [PROPOSED] CONFIDENTIALITY ORDER** |
| KRISHAN AGARWAL, individually and d/b/a MELROSE JEWELERS, a fictitious business in Los Angeles County; MELROSE.COM, LLC, a Nevada limited liability company; and each d/b/a MELROSEJEWELERS.COM, | Honorable Michael R. Wilner |
| Defendants. | |

(Note: "PROPOSED" is struck through in the title)

Mitchell N. Reinis (SBN 36131)
mreinis@freedmanweisz.com
FREEDMAN WEISZ LLP
2029 Century Park East, 19th Floor
Los Angeles, CA 90067
Telephone: (310) 282-2500
Facsimile: (310) 282-2501

Jason H. Fisher (SBN 222982)
jfisher@fisherlg.com
FISHER LAW GROUP
1015 Gayley Ave., Suite 1100
Los Angeles, CA 90024
Telephone: (310) 746-3053
Facsimile: (310) 295-2259

Attorneys for Defendants
KRISHAN AGARWAL & MELROSE.COM, LLC

# [PROPOSED] CONFIDENTIALITY ORDER

The parties expect that this case will require the parties to produce or disclose confidential information during the course of discovery which may include, for example, documents and information such as described in Paragraphs 3 and 4 below. To expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial in the above-captioned case, it is hereby ORDERED THAT:

Scope of the Order

1. This Order shall apply to all materials and information produced or provided in this litigation by, and all testimony given in any deposition on behalf of, plaintiff Rolex Watch U.S.A., Inc. or defendants Krishan Agarwal and Melrose.com, LLC (each of which is individually referred to herein as a "Party" or collectively as the "Parties"), or by or on behalf of any person or entity that is not a party hereto (a "Non-Party"). All such materials, information, and testimony is hereinafter referred to as "Litigation Materials."

2. Litigation Materials and the information therefrom shall be used solely for the purpose of preparing for and conducting this litigation and shall not be disclosed except as under such restrictions as provided for in this Order.

Designation of Litigation Materials by Parties and Non-Parties

3. Litigation Materials may be classified and maintained as CONFIDENTIAL if they contain or constitute information that: (i) has not been made public by the producing or originating person or entity; and (ii) cannot be obtained from public sources.

/ / /

4. Litigation Materials may be classified and maintained as ATTORNEYS' EYES ONLY if they contain or constitute information that: (i) has not been made public by the producing or originating person or entity, (ii) cannot be obtained from public sources, and (iii) disclosure of the Litigation Materials poses a significant risk of competitive or other harm to the producing, supplying, or originating person or entity; and (iv) the Litigation Materials relate to:

(a) contacts and communications relating to prospective or actual agreements or contractual arrangements, and the financial terms thereof, with distributors, customers, or similar entities;

(b) financial information, including pricing information, financial data, cost information, sales information, units and values of sales, sales analyses by region or customer, and performance metrics and reports;

(c) technical, operational, and development information about a party's products;

(d) business plans, marketing strategies, new product plans and competitive analysis or strategies;

(e) information that is protected as a trade secret by the producing person or entity;

(f) documents or information as to which the producing Party has a pre-existing and continuing duty of confidentiality to a Non-Party, provided that the Non-Party in good faith required the producing Party to designate the documents or information ATTORNEYS' EYES ONLY as a condition of production or disclosure;

(g) documents or information as to which the producing person or entity has a pre-existing and continuing duty of confidentiality to another person or entity; or

/ / /

(h) other highly sensitive documents or information that are similar in nature to the categories listed above in sections (a) through (g).

The provisions of this paragraph do not preclude a person or entity from asserting that such designated Litigation Materials are not discoverable at all.

5. Litigation Materials (including portions of deposition transcripts) designated as CONFIDENTIAL, or information derived therefrom, may be disclosed or made available only to the following persons:

(a) to the Court and its officers and staff, including court reporters (through filing under seal, or at any trial or hearing);

(b) to outside counsel of record for the Parties (including legal and clerical staff employed or engaged by such counsel);

(c) no more than two (2) other persons such as officers, directors, or employees of the Parties to this action when such disclosure is deemed necessary to aid trial counsel in the prosecution, defense, or settlement of this action;

(d) to outside experts, consultants, advisors and/or translators retained to furnish technical or expert services and/or to give testimony with respect to the subject matter thereof for trial of this action; and

(e) to individuals and organizations that provide photocopying, document processing, imaging, translation, graphics, jury consulting, stenographic, and court reporting services.

6. Litigation Materials (including portions of deposition transcripts) designated as ATTORNEYS' EYES ONLY, or information derived therefrom, may be disclosed or made available only to the following persons:

(a) to the Court and its officers, including court reporters (through filing under seal, or at any trial or hearing);

(b) to outside counsel of record for the Parties (including legal and clerical staff employed or engaged by such counsel);

(c) to outside experts, consultants, advisors and/or translators retained to furnish technical or expert services and/or to give testimony with respect to the subject matter thereof for trial of this action; and

(d) to individuals and organizations that provide photocopying, document processing, imaging, translation, graphics, jury consulting, stenographic, and court reporting services.

7. Any classification of Litigation Materials (or parts thereof) as CONFIDENTIAL or ATTORNEYS' EYES ONLY will be done by the producing person or entity applying in good faith the criteria outlined in Paragraphs 3 and 4 above. Litigation Materials may be produced for inspection by counsel prior to such designation without waiving any right to so designate materials before providing copies to the requesting Party.

(a) The inadvertent delivery of Litigation Materials that could properly be designated as CONFIDENTIAL pursuant to Paragraph 3 above, or ATTORNEYS' EYES ONLY pursuant to Paragraph 4 above, shall be without prejudice to the producing person or entity. If, after producing Litigation Materials, the producing person or entity determines that the produced Litigation Materials should have been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, the producing person or entity shall promptly provide written notice to the receiving Party and shall provide the receiving Party with a replacement copy of the Litigation Materials bearing a CONFIDENTIAL or ATTORNEYS' EYES ONLY designation within five (5) court days after giving such written notice. The receiving Party shall either promptly return the undesignated Litigation Materials to the producing person or entity, or promptly provide the producing person or entity with notice that all such undesignated Litigation Materials have been destroyed. During the five (5) court day period following written notification that Litigation Materials should have been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY,

1  the receiving Party shall treat the undesignated Litigation Materials as though
2  they have been so designated and shall retrieve all copies of the undesignated
3  Litigation Materials for either return to the producing person or entity or to be
4  destroyed.

5        (b)    If, after producing Litigation Materials, a producing person
6  or entity discovers that the Litigation Materials were properly subject to
7  protection under the attorney-client privilege or the attorney work product
8  doctrine, the producing person or entity shall promptly provide written notice to
9  the receiving Party that such Litigation Materials were inadvertently produced
10 and properly subject to protection under the attorney-client privilege or the
11 attorney work product doctrine. Upon receiving such written notice from the
12 producing person or entity that privileged information or attorney work product
13 material has been inadvertently produced, all such information, and all copies
14 thereof, either shall be promptly returned to the producing person or entity, or
15 shall be destroyed and the receiving Party shall promptly provide the producing
16 person or entity with notice that all such documents have been destroyed. If the
17 receiving Party disagrees with the designation of any such Litigation Materials
18 as privileged or otherwise protected after conferring with the producing person
19 or entity in good faith, the receiving Party shall nonetheless return such
20 Litigation Materials to the producing person or entity as specified above, but
21 may move the Court for production of the returned Litigation Materials. The
22 producing person or entity shall retain all returned Litigation Materials for
23 further disposition.

24       8.    A producing person or entity may designate Litigation Materials as
25 confidential pursuant to Paragraphs 3 and 5 above by marking each page of such
26 materials with a stamp identifying this civil action and using the word
27 CONFIDENTIAL, or by one of the following ways:
28 / / /

      (a)    If the Litigation Materials are not in paper form, the producing person or entity shall use other such reasonable means as necessary to identify clearly the Litigation Materials as CONFIDENTIAL.

      (b)    If information disclosed during the course of a deposition is deemed CONFIDENTIAL by a person or entity, the designation thereof as CONFIDENTIAL shall be made either (i) by a statement on the record at the deposition identifying the testimony to be designated as CONFIDENTIAL or (ii) by providing written notice to the other Parties of the specific pages of the transcript that should also be so designated within thirty (30) days after receipt by counsel of an official copy of the deposition transcript.  Such designation as CONFIDENTIAL will be applied to only those portions of the deposition transcript that include a specific question and response or series of questions and responses containing CONFIDENTIAL information.

9.    A producing person or entity may designate its most confidential Litigation Materials pursuant to Paragraphs 4 and 6 above by marking each page of such materials with a stamp identifying this civil action and using the words ATTORNEYS' EYES ONLY, or by one of the following ways:

      (a)    If the Litigation Materials are not in paper form, the producing person or entity shall use other such reasonable means as necessary to identify clearly the Litigation Materials as ATTORNEYS' EYES ONLY.

      (b)    If information disclosed during the course of a deposition is deemed ATTORNEYS' EYES ONLY by a person or entity, the designation thereof as ATTORNEYS' EYES ONLY shall be made either (i) by a statement on the record at the deposition identifying the testimony to be designated as ATTORNEYS' EYES ONLY or (ii) by providing written notice to the other Parties of the specific pages of the transcript that should also be so designated within thirty (30) days after receipt by counsel of an official copy of the deposition transcript.  Such designation as ATTORNEYS' EYES ONLY will be

applied to only those portions of the deposition transcript that include a specific question and response or series of questions and responses containing ATTORNEYS' EYES ONLY information. Unless otherwise previously designated, all depositions transcripts shall be treated as ATTORNEYS' EYES ONLY in their entirety prior to the end of such thirty (30) day period.

10. If counsel for a Party receiving Litigation Materials designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY hereunder objects to such designation of any or all of such Litigation Materials, the following procedure shall apply:

(a) Counsel for the objecting Party shall serve on the designating person or entity a written objection to such designation, which shall describe with particularity the Litigation Materials in question and shall state the grounds for objection. Counsel for the designating person or entity shall respond in writing to such objection within five (5) court days, and shall state with particularity the grounds for asserting that the Litigation Materials are CONFIDENTIAL or ATTORNEYS' EYES ONLY. If no written response is made to the objection, the challenged Litigation Materials shall no longer be considered as designated under this Confidentiality Order, and the objecting Party shall treat such challenged Litigation Materials as if they had originally been produced without any designation of confidentiality. If the designating person or entity makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

(b) If a dispute as to a CONFIDENTIAL or ATTORNEYS' EYES ONLY designation of Litigation Materials cannot be resolved by agreement, the Party objecting to the designation may move the Court for an order removing the challenged designation. The Litigation Materials that are the subject of the filing shall be treated as originally designated pending

1  resolution of the dispute.  <u>Any motion regarding confidential treatment of documents will comply with the joint filing procedure for discovery disputes pursuant to Local Rule 37.</u>

4  11. This Order shall not limit a Party's use of designated Litigation Materials in examining a witness at a deposition, hearing, or trial, even though such witness may not otherwise be entitled to view designated Litigation Materials under the terms of this Order, so long as the examination concerns designated Litigation Materials that the witness authored or previously had access to or knowledge of, as demonstrated by the designated Litigation Materials themselves or by foundation testimony during a deposition, hearing, or trial.  This Order shall not prevent counsel from examining a witness in a good faith effort to determine whether the witness authored or previously had access to or knowledge of designated Litigation Materials.

12. Prior to disclosing any Litigation Materials designated by a Party as CONFIDENTIAL or ATTORNEYS' EYES ONLY to outside experts, consultants and/or advisors referred to in Paragraphs 5(d) and/or 6(c) above, counsel for the receiving Party making such disclosure shall:

(a) provide a copy of this Confidentiality Order to each such outside expert, consultant or advisor;

(b) obtain from the outside expert, consultant or advisor a fully executed undertaking in the form attached hereto as Exhibit A; and

(c) identify each such outside expert, consultant or advisor to whom disclosure is proposed to be made by providing to counsel for the producing Party, via overnight courier or same day hand delivery, same day facsimile or same day e-mail, a copy of each such expert's, consultant's or advisor's executed undertaking along with a current resume for each such expert, consultant or advisor. The expert's, consultant's or advisor's resume must identify all employers and clients for whom the consultant or expert has

worked in the last four (4) years, as well as any litigation matters in which the expert, consultant or advisor has testified, either by way of expert report, deposition, or testimony at a hearing or trial, over the last four (4) years.

13. Counsel for the receiving Party making the disclosure shall not disclose materials designated CONFIDENTIAL or ATTORNEYS' EYES ONLY to any outside expert, consultant or advisor for a period of ten (10) court days from the date on which it provides to counsel for the producing Party the items specified in Paragraph 12(c) above. If within this ten (10) court day period counsel for the producing Party does not object, in writing, to the proposed disclosure to the expert, consultant or advisor identified pursuant to Paragraph 12(c) above, then counsel for the receiving Party shall be permitted to disclose the CONFIDENTIAL or ATTORNEYS' EYES ONLY materials to such identified expert, consultant or advisor. If, within this ten (10) court day period, counsel for the producing Party objects in writing to the proposed disclosure to the expert, consultant or advisor identified pursuant to Paragraph 12(c) above, then counsel for the receiving Party shall not be permitted to disclose CONFIDENTIAL or ATTORNEYS' EYES ONLY materials to that expert, consultant or advisor, absent further order from the Court. The producing Party shall have the burden of filing a motion for protective order with the Court within five (5) court days of objecting to the outside expert, consultant or advisor prohibiting the disclosure of CONFIDENTIAL or ATTORNEYS' EYES ONLY materials to the independent expert, consultant or advisor to whom counsel for the producing Party has objected. If the five (5) court days elapse without the counsel for the producing Party seeking relief from the Court, the requested information may be shared with the identified outside expert, consultant or advisor in accordance with the terms of this Confidentiality Order.

14. If disclosure of CONFIDENTIAL documents or information is

1 made to any person under Paragraph 5(c) above, counsel for the Party making
2 the disclosure shall deliver a copy of this Order as entered to such person,
3 explain its terms to such person, and secure the signature of such person on a
4 written undertaking in the form attached hereto as Exhibit A.  Each Party shall
5 maintain a file of all such signed copies of Exhibit A.  Further, it shall be the
6 obligation of counsel for the disclosing Party, upon learning of any breach or
7 threatened breach of this Order, promptly to take all reasonable action to prevent
8 the threatened breach or remedy an actual breach.

9  15. Litigation Materials designated as CONFIDENTIAL or
10 ATTORNEYS' EYES ONLY shall be used by the persons receiving them
11 solely for the purposes of preparing for and conducting this action and for no
12 other action or proceeding.  Persons receiving such Litigation Materials shall
13 not use them for any business or other purpose, and shall not disclose them to
14 any person not expressly permitted by the terms of this Confidentiality Order to
15 have such access.  All Litigation Materials designated as CONFIDENTIAL or
16 ATTORNEYS' EYES ONLY shall be maintained by the receiving Party so as
17 to preclude access by unauthorized persons.  CONFIDENTIAL or
18 ATTORNEYS' EYES ONLY Litigation Materials provided to an outside
19 expert, consultant or advisor shall be kept at such person's offices in a manner
20 designed to ensure against disclosures not authorized by this Confidentiality
21 Order.

22  16. Counsel for the receiving Party may give advice and opinions to
23 their client based on an evaluation of information designated as
24 CONFIDENTIAL or ATTORNEYS' EYES ONLY by the producing Party. For
25 information designated as ATTORNEYS' EYES ONLY, such rendering of
26 advice and opinions shall not reveal the content of such information except by
27 prior agreement with counsel for the producing Party.

28  17. Nothing herein shall impose any restrictions on the use or

disclosure by a Party or witness of its own Litigation Materials, or of documents or information obtained by such Party or witness independent of the discovery proceedings, inclusive of any discovery received from a Non-Party in this action, whether or not such documents or information are also obtained through discovery proceedings in this action.

18.  Without written permission from the producing Party or a Court Order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any CONFIDENTIAL or ATTORNEYS' EYES ONLY material of the opposing Party, but must <u>apply for leave to</u> file such CONFIDENTIAL or ATTORNEYS' EYES ONLY material under seal in conformance with the Court's rules and procedures, including Local Rule 79-5. CONFIDENTIAL or ATTORNEYS' EYES ONLY material filed under seal shall bear the title of this action, an indication of the contents of such sealed envelope or container, the words "CONFIDENTIAL INFORMATION AS DESIGNATED PURSUANT TO STIPULATED CONFIDENTIALITY ORDER" or "ATTORNEYS' EYES ONLY INFORMATION AS DESIGNATED PURSUANT TO STIPULATED CONFIDENTIALITY ORDER," as appropriate, and a statement substantially in the following form:

> This envelope contains confidential information filed in this case by [name of party] and is not to be opened nor the contents thereof to be displayed or revealed except by order of the Court presiding over this matter.

19.  On termination of this action, including all appeals, the receiving Party shall, at the election and instruction of the producing Party, either:  (1) return to counsel for each producing Party or entity all Litigation Materials designated by the producing person or entity as CONFIDENTIAL or ATTORNEYS' EYES ONLY and all copies of such Litigation Materials and shall destroy all abstracts, digests and analyses thereof, however stored or

1  reproduced; or (2) destroy and provide certification to the producing person or
2  entity disclosing such Litigation Materials that the CONFIDENTIAL or
3  ATTORNEYS' EYES ONLY Litigation Materials, including all abstracts,
4  digests and analyses thereof, however stored or reproduced, have been
5  destroyed.  On termination of this action, counsel for each Party may maintain
6  in its files one copy of CONFIDENTIAL or ATTORNEYS' EYES ONLY
7  Litigation Materials as filed with or otherwise presented to the Court.

8        20.  The Parties' obligations under this Confidentiality Order shall
9  survive the termination of the above captioned litigation, including subsequent
10 appeals or later proceedings, for any retained Litigation Materials or
11 information, extracts, summaries, notes, or compilations derived therefrom, and
12 the Court shall retain jurisdiction to enforce the performance of said obligations.

14 SO ORDERED AND SIGNED.  December 12, 2012.
15                                               /s/ Judge Wilner

Honorable Michael R. Wilner
United States Magistrate Judge

|    |                              |                                                      |
|----|------------------------------|------------------------------------------------------|
| 1  |                              |                                                      |
| 2  |                              | Respectfully submitted,                              |
| 3  |                              | KNOBBE, MARTENS, OLSON & BEAR, LLP                   |
| 4  |                              |                                                      |
| 5  | Dated: December 11, 2012     | By: /s/ *Matthew S. Bellinger*                       |
| 6  |                              | Craig S. Summers                                     |
|    |                              | Matthew S. Bellinger                                 |
| 7  |                              |                                                      |
| 8  |                              | GIBNEY ANTHONY & FLAHERTY, LLP                       |
|    |                              | Brian W. Brokate                                     |
| 9  |                              | Beth M. Frenchman                                    |
|    |                              | Christina L. Winsor                                  |
| 10 |                              |                                                      |
| 11 |                              | Attorneys for Plaintiff                              |
|    |                              | ROLEX WATCH U.S.A., INC.                             |
| 12 |                              |                                                      |
| 13 |                              |                                                      |
| 14 |                              | FREEDMAN WEISZ LLP                                   |
| 15 |                              |                                                      |
| 16 | Dated: December 11, 2012     | By: /s/ *Mitchell N. Reinis* (with permission)       |
| 17 |                              | Mitchell N. Reinis                                   |
| 18 |                              | FISHER LAW GROUP                                     |
| 19 |                              | Jason H. Fisher                                      |
| 20 |                              |                                                      |
|    |                              | Attorneys for Defendants                             |
| 21 |                              | KRISHAN AGARWAL                                      |
|    |                              | MELROSE.COM, LLC                                     |
| 22 |                              |                                                      |
| 23 |                              |                                                      |
| 24 |                              |                                                      |
| 25 |                              |                                                      |
| 26 |                              |                                                      |
| 27 |                              |                                                      |
| 28 |                              |                                                      |

# UNDERTAKING

1. I, _____, have read the foregoing Confidentiality Order (the "Order") and agree to be bound by its terms with respect to any Litigation Materials marked CONFIDENTIAL or ATTORNEYS' EYES ONLY that are furnished to me as set forth in the Order.

2. I further agree (i) not to disclose to anyone any Litigation Materials marked CONFIDENTIAL or ATTORNEYS' EYES ONLY other than as set forth in the Order, and (ii) not to make any copies of any Litigation Materials marked CONFIDENTIAL or ATTORNEYS' EYES ONLY furnished to me except in accordance with the Order.

3. I hereby consent to the jurisdiction of the United States District Court for the Central District of California, Western Division, with regard to any proceedings to enforce the terms of the Order.

4. I hereby agree that any Litigation Materials marked CONFIDENTIAL or ATTORNEYS' EYES ONLY furnished to me will be used by me only for the purposes of this litigation and for no other purpose, and will not be used by me in any business affairs of my employer or of my own or be imparted by me to any other person.

Signature: _____

Date: _____

14237778