Craig S. Summers (SBN 108688)
craig.summers@kmob.com
Matthew S. Bellinger (SBN 222228)
matthew.bellinger@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Brian W. Brokate (*Pro Hac Vice*)
bwbrokate@gibney.com
Beth M. Frenchman (*Pro Hac Vice*)
bfrenchman@gibney.com
Jeffrey E. Dupler (*Pro Hac Vice*)
jdupler@gibney.com
Christina L. Winsor (*Pro Hac Vice*)
cwinsor@gibney.com
GIBNEY ANTHONY & FLAHERTY, LLP
665 Fifth Avenue
New York, New York 10022
Phone:       (212) 688-5151
Facsimile:   (212) 688-8315

Attorneys for Plaintiff
ROLEX WATCH U.S.A., INC.

(continued on next page)

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLEX WATCH U.S.A., INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KRISHAN AGARWAL, individually and d/b/a MELROSE JEWELERS, a fictitious business in Los Angeles County; MELROSE.COM, LLC, a Nevada limited liability company; and each d/b/a MELROSEJEWELERS.COM,<br><br>　　　　Defendants. | Case No. CV12-6400 FMO (MRWx)<br><br>**FINAL CONSENT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS**<br><br>Hon. Fernando M. Olguin |

1  Mitchell N. Reinis (SBN 36131)
   mreinis@freedmanweisz.com
2  FREEDMAN WEISZ LLP
   2029 Century Park East, 19th Floor
3  Los Angeles, California 90067
   Phone:       (310) 282-2500
4  Facsimile:   (310) 282-2501

5
   Jason H. Fisher (SBN 222982)
6  jfisher@fisherlg.com
   FISHER LAW GROUP
7  1015 Gayley Ave., Suite 1100
   Los Angeles, California 90024
8  Phone:       (310) 746-3053
   Facsimile:   (310) 295-2259

9
10 Attorneys for Defendants,
   MELROSE.COM, LLC and KRISHAN AGARWAL

Plaintiff Rolex Watch U.S.A., Inc. ("Rolex") and Defendants Krishan Agarwal ("Mr. Agarwal") and Melrose.com, LLC ("Melrose") consent and agree to the terms and conditions of this Final Consent Judgment and Permanent Injunction.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. The Court has personal jurisdiction over each of the parties to this action. The Court also has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

2. Rolex is a New York Corporation having a place of business at 665 Fifth Avenue, New York, New York 10022.

3. Melrose is a Nevada limited liability company having a place of business at 655 S. Hill Street, Los Angeles, California 90014.

4. Mr. Agarwal is a United States citizen having a residence at 2576 Nichols Canyon Road, #204, Los Angeles, California 90046.

5. On July 26, 2012, Rolex filed this lawsuit against Mr. Agarwal and Melrose (collectively, "Defendants") for Trademark Counterfeiting under 15 U.S.C. § 1114, Trademark Infringement under 15 U.S.C. § 1114, False Designation of Origin, False Descriptions, and Unfair Competition under 15 U.S.C. § 1125, and Federal Anti-Cybersquatting (Anti-Cyberpiracy) under 15 U.S.C. § 1125(d)(1)(A). On January 4, 2013, Defendants filed their Answer to Rolex's Complaint.

6. Rolex is the exclusive importer and distributor of Rolex watches in the United States.

7. Rolex is the owner of the following trademarks registered in the U.S. Patent and Trademark Office (hereinafter collectively referred to as the "Rolex Registered Trademarks"):

| Trademark | Reg. No. | Date | Goods |
|---|---|---|---|
| **ROLEX** | 0,101,819 | 1/12/1915 | Watches, clocks, parts of watches and clocks, and their cases. |
| **OYSTER** | 0,239,383 | 3/6/1928 | Watches, movements, cases, dials, and other parts of watches. |
| **PRESIDENT** | 0,520,309 | 1/24/1950 | Wristbands and bracelets for watches made wholly or in part or plated with precious metals, sold separately from watches. |
| ♛ **Crown Design** | 0,657,756 | 1/28/1958 | Timepieces of all kinds and parts thereof. |
| **DATEJUST** | 0,674,177 | 2/17/1959 | Timepieces and parts thereof. |
| **GMT-MASTER** | 0,683,249 | 8/11/1959 | Watches. |
| **COSMOGRAPH** | 0,733,081 | 6/19/1962 | Watches and chronometers. |
| **SEA-DWELLER** | 0,860,527 | 11/19/1968 | Watches, clocks and parts thereof. |
| **MILGAUSS** | 0,875,616 | 8/26/1969 | Watches [and clocks,] and parts thereof. |
| **OYSTER PERPETUAL** | 1,105,602 | 11/7/1978 | Watches and parts thereof. |
| **YACHT-MASTER** | 1,749,374 | 1/26/1993 | Watches. |
| **SUBMARINER** | 1,782,604 | 7/20/1993 | Watches. |
| **ROLEX DAYTONA** | 1,960,768 | 3/5/1996 | Watches. |
| **DAYTONA** | 2,331,145 | 3/21/2000 | Watches. |
| **EXPLORER II** | 2,445,357 | 4/24/2001 | Watches. |
| **EXPLORER** | 2,518,894 | 12/18/2001 | Watches. |
| **PEARLMASTER** | 2,547,630 | 3/12/2002 | Watches. |
| **AIR-KING** | 2,953,542 | 5/17/2005 | Watches and parts thereof. |
| **GMT-MASTER II** | 2,985,308 | 8/16/2005 | Watches and parts thereof. |

8. The Rolex Registered Trademarks are in full force and effect and are incontestable pursuant to 15 U.S.C. § 1065.

9. Melrose operates an on-line jewelry business through its website (currently www.melrose.com and previously www.melrosejewelers.com). Mr. Agarwal is the president and owner of Melrose.

10. Melrose offers for sale and sells, among other items, altered Rolex watches that bear one or more of the Rolex Registered Trademarks. Melrose's altered Rolex watches contain one or more non-genuine components (i.e. components not manufactured by Rolex), including, for example, non-genuine bezels, bracelets, and/or dials.

11. Melrose's altered Rolex watches have non-genuine bracelets that bear counterfeit copies of Rolex's CROWN DESIGN ( ♛ ) and/or ROLEX marks.

12. Melrose's altered Rolex watches include refinished dials (some with diamonds added) from which one or more of Rolex's Registered Trademarks have been removed and reapplied.

13. Melrose's altered Rolex watches include non-genuine bezels (some with diamonds added). The bezel of the watch is designed to create a sealed pressure-proof environment for the watch movement. If the bezel is not of the precise measurement and does not fit properly, outside elements such as water, moisture, and dust can penetrate the watch case and damage the movement. Rolex examined altered Rolex watches purchased from Melrose and determined that the non-genuine bezels on the watches had insufficient fittings and did not protect against the penetration of moisture into the watch movement.

14. Melrose's unauthorized use of marks identical to or substantially indistinguishable from one or more of the Rolex Registered Trademarks on altered Rolex watches and in connection with the marketing and sale of altered Rolex watches is likely to cause confusion, mistake, or deception among consumers and the public. Such unauthorized use is likely to cause consumers and the public to mistakenly believe that Melrose's altered Rolex watches are genuine Rolex watches or are authorized, sponsored, or approved by Rolex, when, in fact, they are not.

15. Melrose's unauthorized use of the Rolex Registered Trademarks in connection with its altered Rolex watches constitutes trademark counterfeiting under 15 U.S.C. § 1114, trademark infringement under 15 U.S.C. § 1114, and false designation of origin, false description, and unfair competition under 15 U.S.C. § 1125.

16. All of the foregoing acts have caused or will cause, and unless restrained by this Court will continue to cause, serious and irreparable injury for which Rolex has no adequate remedy at law.

17. Melrose was also previously the owner of various domain names and websites, including, but not limited to: rolexgiveaway.ca, rolexblogsite.com, rolexblogsite.net, rolexwatchforum.com, rolexwatchforum.net, rolexwatchforums.com, and rolexwatchforums.net (hereinafter collectively referred to as the "Parking Sites"). Each of the Parking Sites incorporates the famous ROLEX trademark.

18. Melrose's registration of the Parking Sites, which incorporate the famous ROLEX trademark, violated the Anti-Cybersquatting Consumer Act, 15 U.S.C. § 1125(d)(1)(A)(ii)(II), and constituted Cybersquatting (Cyberpiracy) in violation of 15 U.S.C. § 1125(d)(1)(A). Rolex obtained ownership of the Parking Sites after this lawsuit was filed.

**NOW, THEREFORE, IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, AS FOLLOWS:**

A. Final judgment is entered in favor of Rolex and against Defendants on Rolex's claims for: (i) Trademark Counterfeiting under 15 U.S.C. § 1114, (ii) Trademark Infringement under 15 U.S.C. § 1114, (iii) False Designation of Origin, False Descriptions, and Unfair Competition under 15 U.S.C. § 1125, and (iv) Federal Anti-Cybersquatting (Anti-Cyberpiracy) under 15 U.S.C. § 1125(d)(1)(A).

B. Defendants, and their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this injunction by personal service or otherwise, and including Krishan Agarwal personally, and his agents, servants, employees, attorneys, and those persons in active concert or participation with him who receive actual notice of this injunction by personal service or otherwise, are permanently restrained and enjoined from:

    1. Using the Rolex Registered Trademarks and any other trademark of Rolex (hereinafter the "Rolex Marks"), and/or any other reproduction, counterfeit, copy, or colorable imitation of the Rolex Marks, and/or any marks likely to cause confusion with the Rolex Marks, in connection with the advertisement, promotion, offering for sale, or sale of:

        a. any watches or watch products, including, but not limited to, genuine Rolex watches, and altered Rolex watches that have been reconstructed with non-genuine parts consisting of cases, bezels, bracelets, and/or dials (including but not limited to original Rolex dials that have been altered by the addition of diamonds and/or refinishing);

        b. individual parts or components for watches, including, but not limited to, genuine Rolex parts or components, and non-genuine parts or components designed to fit Rolex watches, e.g. cases, bezels, bracelets, and/or dials; or

        c. services resulting in the manufacture, conversion, modification, repair, servicing, maintenance, reconditioning, refurbishing, certification, appraisal,

*1*   evaluation, or valuation of any Rolex watch products,
*2*   including, but not limited to, the addition or substitution
*3*   of non-genuine parts consisting of cases, bezels,
*4*   bracelets, and/or dials.

*5*   2. Advertising, promoting, offering for sale, or selling genuine or
*6*   non-genuine Rolex watches and/or watch parts.

*7*   3. Engaging in any course of conduct likely to cause confusion,
*8*   deception, or mistake, or injure Rolex's business reputation or
*9*   dilute the distinctive quality of the Rolex Marks.

*10*  4. Using any false description or representation including words or
*11*  other symbols tending to falsely describe or represent
*12*  Defendants' goods as being those of Rolex or sponsored by or
*13*  associated with Rolex or misrepresenting the nature or qualities
*14*  of Rolex's or Defendants' goods and from offering goods in
*15*  commerce.

*16*   C.   Defendants are ordered to immediately and permanently take down
*17* the www.melrose.com website, and any other website containing the term
*18* "Melrose." Defendants are further ordered to immediately transfer to Rolex the
*19* www.melrose.com domain name and any and all right, title, and interest that
*20* Defendants may have in any other domain names that contain the term
*21* "Melrose", which include at least the following domain names: www.
*22* melrose.co.uk, www.melrosejewelers.com, www.melrosejewelers.co.uk,
*23* www.merlosejewelers.ca, www.melrose.co.in, www.melrose.com.mx,
*24* www.melrosejewelers.co.in, www.melrosejewelers.co.kr,
*25* www.melrosejewelers.com.mx, www.melrosejewelers.de,
*26* www.melrosejewellers.ca, www.melrosejewellery.ca, www.melrosegems.co.uk,
*27* www.melrosejewelers.es, www.melrosediamonds.ca, www.melrosegems.ca,
*28* www.melrosejewelers.ae, www.melrosejewelers.jp, www.melrosegems.com,

- 6 -

and www.melrosejewelers.fr. Defendants are ordered to execute any and all documents and do any acts (other than payment of money) reasonably requested that are necessary to transfer all of their right, title, and interest, if any, to the domain names.

    D.    Defendants are ordered to deliver up to Rolex's attorneys all Rolex watch heads that are in Defendants' possession or control.

    E.    Defendants are ordered to permanently remove from all watch bracelets in their possession or control any of Rolex's trademarks or marks that resemble any of Rolex's trademarks. After the markings are removed, Defendants are further ordered to promptly notify Rolex in writing that the marks have been removed and to make the bracelets available for inspection by Rolex.

    F.    It is further ordered that, pursuant to 15 U.S.C. § 1117, judgment is entered against Defendants in the amount of $8,500,000.

    G.    It is further ordered that this Court shall retain jurisdiction of this matter for all purposes, including for the purpose of enforcing the terms and provisions of this Final Consent Judgment and Permanent Injunction.

    H.    The parties agree to submit to the personal jurisdiction of this Court in connection with this matter for all purposes, including for the purpose of enforcing the terms and provisions of this Final Consent Judgment and Permanent Injunction.

**IT IS SO ORDERED.**

Dated: September 12, 2013

/s/
Hon. Fernando M. Olguin
United States District Judge

- 7 -